UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN RAFAEL HERNANDEZ PENA,

                Plaintiff,

  -against-

MARTIN O'MALLEY,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/2024

23 CIV 6720 (NSR)(JCM)

ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge:

    Plaintiff, Edwin Rafael Hernandez Peña ("Plaintiff"), proceeding *pro se*, commenced this action, pursuant to 42 U.S.C. § 405(g), challenging the administrative decision of the Commissioner of Social Security ("the Commissioner") which determined he was not disabled and thus not eligible for disability insurance benefits (DIB) under the Social Security Act (the "Act"). (ECF No. 1.) Defendant Commissioner opposed Plaintiff's application and cross-moved for the entry of judgment in its favor. (ECF No. 16.) Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the matter was referred to Magistrate Judge Judith C. McCarthy ("MJ McCarthy") to issue a Report and Recommendation ("R & R"). (ECF No. 6.) Now before the Court is MJ McCarthy's R & R, recommending that Plaintiff's complaint be dismissed and that judgment be entered in favor of Defendant Commissioner. (ECF No. 19.) The Parties had until July 22, 2024, to submit objections to the R & R. To date, no objection has been submitted to the Court. For the following reasons, the Court adopts MJ McCarthy's R & R in its entirety and Dismisses Plaintiff's complaint and Grant's Defendant Commissioner's motion for judgment.

## BACKGROUND

    Plaintiff applied for DIB on December 9, 2020, with an onset date of January 1, 2020. (Administrative Record ("AR") at 23, 30.) Plaintiff's alleged a learning disability, as well as memory

problems, bipolar disorder, and speech problem. (AR 525.) On March 21, 2021, Plaintiff's claim was initially denied and upon reconsideration the denial was upheld in June 2021. (AR 23.)

On June 21, 2021, Plaintiff requested to appear before an Administrative Law Judge ("ALJ"). (Id.) In April and November 2022, Plaintiff appeared before ALJ John Carlton ("ALJ Carlton") who presided over a hearing wherein evidence was presented. (AR 37-50, 51-86.) On December 12, 2022, ALJ Carlton issued a decision denying Plaintiff's claim. (AR 17-36.) Plaintiff appealed the ALJ's decisions to the Appeals Council who denied the request for review. (AR 1-6.) The Appeals Council decision constitutes a final decision for the purpose of commencing this action.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory

committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Neither Plaintiff nor Defendant timely objected to the R & R. Thus, the Court reviews the R & R for clear error. Upon a review of the R & R, the Court finds no clear error.

As outlined in the R & R, ALJ Carlton undertook a five-step procedure/analysis in reaching his conclusion that Plaintiff did not suffer a disability as defined by statute. In regard to steps one through four, the claimant/plaintiff bears the burden of proof. See *Estrella v. Berryhill,* 925 F.3d 90, 94 (2d Cir. 2019); *Colgan v. Kijakazi*, 22 F.4th 353, 358 (2d Cir. 2022). In the final step, step five, the burden shifts to the ALJ. Id.

First, the ALJ is required to determine whether the claimant/plaintiff engaged in substantial gainful activity since the application date, which ALJ Carlton determined Plaintiff had not. In the second step, the ALJ had to determine whether the claimant had a severe impairment that significantly limited his physical

or mental ability to do basic work activities." As the R & R notes, ALJ Carlton found that Plaintiff suffered the following severe impairments: "intellectual disability, major depressive disorder, history of mandible surgery."

In the third step, the ALJ had to determine whether the impairment or combination of impairments met or medically equaled the severity of one of the impairments described in the SSA Listings, 20 C.F.R. Part 404, Subpart P, Appendix 1. To qualify, a claimant must demonstrate the existence of either one extreme limitation or two marked limitations in a broad area of function. As is relevant in this action, Plaintiff had to demonstrate the existence mental health limitations listing 12.04 (Depressive, Bipolar and Related Disorders). While ALJ Carlton found that Plaintiff satisfied the medical documentation component, he appropriately determined that Plaintiff did not satisfy either the parameters for limitations of mental functioning or present sufficient evidence of the medically documented history of the existence of the disorder for at least two years, with evidence of both (1) medical treatment, mental health therapy, psychosocial support, or a highly structured setting that is ongoing and that diminishes the symptoms and signs of the mental disorder. Although it was determined that Plaintiff suffered four moderate limitations, ALJ Carlton found Plaintiff's condition(s) fell short of the statutory requisite.

At step four, the ALJ must determine, whether a claimant has a severe impairment limiting "his or her mental or physical ability to do basic work activities" but not constituting a listed impairment in Appendix 1 of the Social Security regulations. *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir.2000) (*citing DeChirico v. Callahan*, 134 F.3d 1177, 1179–80 (2d Cir.1998)) The relevant inquiry is, "whether, despite the existence of a severe impairment, the claimant has residual functional capacity to perform their past work. Here, ALJ Carlton undertook such analysis. ALJ Carlton determined Plaintiff's residual function capacity (RFC) to be that he "may tolerate simple, routine work not performed at a production rate pace, no more than occasional interactions with supervisors and co-workers and no more than brief, superficial interactions with the general public with such interactions not being a part of the general job duties, and

must not be required to read or write in any language, and can only communicate in Spanish." (AR 27.) While ALJ Carlton found some limitation, he concluded that the record supports a finding that Plaintiff "has no past relevant work."

Finally, at step five, the ALJ must determine whether jobs exist in significant numbers in the national economy that the claimant/plaintiff can perform. See *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). Here, ALJ Carlton determined, relying in part on the testimony of the vocational expert, that there were in fact jobs in significant numbers in the national economy that the Plaintiff can perform, and thus was not disabled as defined by statute.

## CONCLUSION

For the reasons stated above, the Court adopts MJ McCarthy's R & R in its entirety. In accordance with the R & R, Plaintiff's complaint is deemed Dismissed. Clerk of Court is directed to enter judgment in favor of Defendant, mail a copy of this Opinion to *pro se* Plaintiff at the address on ECF, show service on the docket and terminate the case.

Dated: September 30, 2024  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN, US.D.J.